2004 OK CIV APP 29

**In the Matter of P.S. and D.S., Alleged Deprived Children,**

**Jeanetta Smith–Jobe, Respondent/Appellant,**

**v.**

**The State of Oklahoma, Petitioner/Appellee.**

**No. 99898.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 24, 2004.

Nathan M. Johnson, Lawton, OK, for Respondent/Appellant.

Lisa E. Shaw, Assistant District Attorney, Lawton, OK, for Petitioner/Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶1 Jeanetta Smith–Jobe, Mother, appeals from the termination of her parental rights to her two young twin boys after a jury verdict. Her first allegation of error is that State should be barred from bringing termination proceedings based on the doctrines of res judicata and collateral estoppel. The present action to terminate was brought on January 31, 2003. On February 7, 1994, the children were adjudicated deprived and placed in foster care.[1] Later, State filed a petition to terminate Mother's parental rights. However, the jury found her rights should not be terminated. Based on this outcome, Mother claims State is barred from filing a subsequent termination petition. We do not agree. The doctrines of collateral estoppel or res judicata are not applicable here because a trial court in juvenile matters retains continuing jurisdiction to protect the interests of its wards. *In re H.J.*, 1993 OK CIV APP 72, 854 P.2d 381. Although Mother's parental rights were not terminated, the children were still in custody of DHS as deprived. A trial court's jurisdiction in a deprived action continues until either termination of parental rights or dismissal or the child's attaining majority. *In re T.M.*, 2000 OK CIV APP 65, 6 P.3d 1087. See *In Re S.L.*, 2003 OK CIV APP 69, 76 P.3d 77.

¶2 The record before us, as designated, does not include any of the pertinent documents other than the order from which the appeal is taken.[2] However, it does include a transcript of the proceedings. Mother claims on appeal that the verdict is not supported by clear and convincing evidence and not in the best interests of the children.

¶3 The children were initially taken into custody by the Department of Human Services (DHS) when police, investigating a drive-by shooting, found their grandmother, with whom they lived, was taking care of fifteen children in very unsanitary conditions. Mother was incarcerated at the time. One of the conditions imposed on Mother in DHS's treatment plan was that she should avoid criminal behavior. Since the first trial, she was incarcerated in 1996 until 2000. Also she was incarcerated for a short time in 2002. Finally, she was incarcerated on August 9, 2003, for failure to appear on a traffic ticket and remained incarcerated on that charge at the time of the trial. Further, she has not paid any child support since July 14, 2002.

¶4 Title 10 O.S.2001 § 7006–1.1(A)(15) also provides State may terminate a parent's rights if the children have been in DHS custody for fifteen of the last 22 months. Testimony at trial revealed the children had been in DHS custody for about 115 months.

¶5 Mother, prior to the case being submitted to the jury, orally requested that the verdict form contain a statement that the jury found the children's best interests supported termination. The court refused and Mother alleges this was error. The court read instructions into the record. From what this Court can surmise without a copy of the written instructions, the court adequately advised the jury of the necessity of a finding, by clear and convincing evidence, that it is in the best interests of the children that Mother's rights be terminated. While including it on the verdict form is preferable, omitting it when the jury is properly instructed on the issue is not fatal to the jury's finding Mother's rights should be terminated. The court in its order specifically found termination of her rights was in the best interests of the children.

¶6 In its order the trial court found:

The parental rights of Jeanetta Smith–Jobe should be terminated in accordance with title 10 O.S. 7006–1.1; by reason of the fact the said children were found to be

---

2. The only pleading included other than the order is a motion for continuance. Instructions to the jury were not designated by either party.

deprived as a result of conditions caused by or contributed to by the acts or omissions of the said parent, and the said parent has failed to show that the conditions which lead to the said children being adjudicated as deprived have been corrected, although she has been given more than three months to correct said conditions. The children have been placed in foster-care by the Department of Human Services for fifteen (15) of the most recent twenty-two (22) months. The termination of the parental rights of Jeanetta Smith–Jobe in and to (P.S.) and (D.S.) is in the best interest of the children.

¶ 7 We find no reversible error.

 ¶ 8 The standard of review in a parental termination appeal is whether the trial court's decision is supported by the required standard of clear and convincing evidence. *In re S.B.C.*, 2002 OK 83, 64 P.3d 1080. After a review of the evidence presented, we hold there was clear and convincing evidence that the best interests of the children require termination of Mother's parental rights.

¶ 9 AFFIRMED.

JOPLIN, J., and MITCHELL, P.J., concur.